131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alejandro MADRID, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden at Pelican Bay State Prison;
California Department of Corrections, Respondents-Appellees.
 No. 96-16308.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1997.
Decided Dec. 3, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-91-01707-DFL; David F. Levi, District Judge, Presiding.
 Before HUG, C.J., and WALLACE and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Madrid appeals from the district court's denial of his petition for a writ of habeas corpus. The district court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Madrid first argues that the district court violated his due process and equal protection rights by setting conditions to obtain an evidentiary hearing that he could not satisfy. We need not decide whether such conditions were invalid, because Madrid failed to allege any facts that would entitle him to an evidentiary hearing. The district court's conclusion that trial counsel was not ineffective for failing to investigate the named witnesses further would not be clearly erroneous even if the witnesses had testified at a hearing. No matter what they said, they could not change the fact that they had earlier failed to support Madrid's alibi, and that trial counsel had a tactical reason for not pursuing this line of of inquiry. We therefore hold that the district court did not abuse its discretion in denying an evidentiary hearing.
 
 
 3
 Next, Madrid contends that the government violated his due process rights by introducing into evidence a picture of him wearing the robber's hat, and sunglasses and by presenting testimony concerning inculpatory statements that he made when the picture was taken. This claim was presented to the state courts only as an instance of ineffective assistance of counsel, and not as a free-standing constitutional. claim. Nevertheless, we exercise our discretion to dispose of this nonmeritorious claim. See Granberry v. Greer, 481 U.S. 129, 135 n. 7 (1987).
 
 
 4
 Madrid relies on United States v. Olvera, 30 F.3d 1195 (9th Cir.1994), but in that case, voice was not at issue. In this case, visual identification was at issue. The photograph of Madrid in the hat and sunglasses corroborated the testimony of the eyewitness who identified him by allowing the jury to compare Madrid's appearance to bank surveillance camera photographs of the robber.
 
 
 5
 Similarly, Madrid unpersuasively contends that the taking of the photograph was "reasonably likely to evoke an incriminating response" and therefore necessitated Miranda warnings. See Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). Madrid has not presented any evidence to suggest that police intended to elicit an incriminating response, nor has Madrid identified any objective factors existing prior to his breaking down and crying that would have alerted the police to his susceptibility to self-incrimination.
 
 
 6
 Madrid raises eight separate instances of ineffective assistance of counsel. Three of these--Messner's testimony, the reference to the invocation of Miranda rights, and the Griffin error--were not presented to the district court. We therefore decline to address them. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 7
 We have reviewed the other five instances of alleged ineffectiveness and hold that Madrid has failed to show deficient performance by counsel and prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Madrid does not explain what portion of Officer Vierra's testimony he would have impeached had he had the alleged tape recording, and therefore he has not demonstrated any likelihood of a different outcome. Trial counsel's failure to challenge the admission of the photograph or Madrid's statements in connection with the photograph was not ineffective because there was no error in the admission of that evidence. We agree with the district court that the admission of Madrid's criminal history was nonprejudicial because the witness had already mentioned that Madrid was on parole. Whether failure to object to this earlier reference to criminal history was itself ineffective assistance of counsel is an issue that is being raised for the first time on appeal and hence we do not reach it. The failure to investigate Madrid's alibi further was not deficient performance, because the witnesses had already indicated equivocal support, at best, for the alibi. Last, trial counsel's failure to object to hearsay statements is presumed to be trial strategy. Id. at 690. Moreover, Madrid has not shown that the declarants could not have testified themselves. See United States v. Bosch, 914 F.2d 1239, 1246-47 (9th Cir.1990) (holding no deficient performance based on counsel's failure to object to the admission of evidence where there was no showing that the evidence could not have been properly admitted in other ways).
 
 
 8
 Finally, Madrid presents a Griffin claim not associated with his ineffective assistance claims. Although Madrid filed a motion in limine to exclude reference to his failure to testify, he did not seek an admonition and curative instruction when the prosecutor committed the alleged Griffin error. This claim is therefore procedurally barred under state law. People v. Green, 27 Cal.3d 1, 34 (1980), overruled on other grounds, People v. Hall, 41 Cal.3d 826 (1986). The state court of appeal's decision contains a plain statement relying on this procedural bar, and hence its alternate holding of harmless error does not allow us to avoid the preclusive effect of the default rule. See Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989).
 
 
 9
 Even if we were to reach the merits of the claim, we would subject it to harmless error review, because a Griffin error is a trial error. United States v. Hasting, 461 U.S. 499, 508-09 (1983). We determine harmlessness by considering the extent of the comments made, whether an inference of guilt was stressed to the jury, and the strength of the remaining evidence. United States v. Kallin, 50 F.3d 689, 693 (9th Cir.1995). In this case, the prosecutor's improper comment was only three sentences, the prosecutor did not stress the inference of guilt, and the remaining evidence was overwhelming in light of the eyewitness identification and the testimony by Messner as to Madrid's confession.
 
 
 10
 AFFIRMED.
 
 
 11
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.